UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
December 13, 2011
Lyle W. Cayce
Clerk

No. 11-50334
Summary Calendar

D.C. Docket No. 7:08-CR-221-2

FILED
JAN - 6 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RENEE FLEMING WILLIAMSON,

Defendant - Appellant

Appeal from the United States District Court for the
Western District of Texas, Midland Odessa

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: JAN 0 4 2012

A True Copy
Attest        JAN 0 4 2012

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
        Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
December 13, 2011

Lyle W. Cayce
Clerk

No. 11-50334
Summary Calendar

UNITED STATES OF AMERICA,

                Plaintiff-Appellee

v.

RENEE FLEMING WILLIAMSON,

                Defendant-Appellant

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-221-2

---

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

    Renee Fleming Williamson appeals her 210-month sentence for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. She challenges the district court's denial of a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. We affirm "a sentencing court's decision not to award a reduction under U.S.S.G. § 3E1.1 unless it is without foundation." *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002) (internal quotation marks and citation omitted). Because Williamson failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raise the issue before or during sentencing, plain error review applies. *See United States v. Flora-Ochoa*, 139 F.3d 1022, 1023 (5th Cir. 1998).

The district court did not err in relying upon the timing of Williamson's plea in making the determination under § 3E1.1. *See* § 3E1.1 & cmt. (n.1(h) & n.6) (2008); *United States v. Diaz*, 39 F.3d 568, 572 (5th Cir. 1994). Nor was it error to find her guilty plea untimely for purposes of § 3K1.1 when she pleaded guilty on the morning of trial after denying responsibility for four months following her arrest. *See Diaz*, 39 F.3d at 572; *see also United States v. Wilder*, 15 F.3d 1292, 1299 (5th Cir. 1994) (holding that district court's denial of acceptance of responsibility in reliance, in part, on the timing of the defendant's plea on the eve of trial not erroneous). We also find no plain error in denying the adjustment despite the early weakness of the Government's case, as the weakness resulted from Williamson's concealment of key evidence. *See* § 3E1.1, cmt. (n.1(E)); *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009).

The judgment of the district court is AFFIRMED.

JAN 0 4 2012